IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01388-WDM-MJH

JOHN HAFNER,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment, filed March 31, 2005, and Plaintiff John Hafner's ("John" or "John Hafner") motion for partial summary judgment, filed April 1, 2005.  Both of these motions focus on how Colorado's "zone of danger" rule relates to Hafner's claims of emotional injuries.  For the reasons that follow, Hafner's motion will be denied, and State Farm's motion will be granted in part.

The facts relevant to the parties' motions are undisputed.  On May 18, 2001, John and his father, Mikel Hafner, were driving along a highway when they were involved in a head-on collision with a mail truck that had crossed the center line.  John survived the accident — albeit with numerous physical injuries — but Mikel did not.  The parties now dispute whether, under Colorado law, John can recover for emotional

distress caused by the loss of his father.

In *Towns v. Anderson*, the Colorado Supreme Court abandoned the "impact" test for claims of negligent infliction of emotional distress, and adopted the "zone of danger" test. *See* 579 P.2d 1163 (Colo. 1978). Under the old impact test, a plaintiff could not recover for emotional, psychological, or psychiatric injuries unless she also sustained a direct physical impact to her body. *See id.* at 1164. In contrast, as the name implies, a physical impact is not required by the zone of danger test, so long as the plaintiff was within the zone of danger. *See id.* at 1165.

In this case, it is undisputed that because John was injured in the accident, he was both in the zone of danger and suffered a physical impact, and can therefore recover for emotional damages that resulted from his fear for his own life. However, State Farm argues that John can not recover for injuries caused by his fear for his father's life and the shock of witnessing his father's death.

I agree. Although cases from the Colorado Supreme Court provide little guidance on this issue, the Colorado Court of Appeals decided a case directly on point in *Scharrel v. Wal-Mart Stores, Inc.* 949 P.2d 89 (Colo. Ct. App. 1997). In that case, a husband and wife sued for injuries they sustained when heavy boxes fell from a high shelf and landed on them. *Id.* at 91. Following a jury trial, the district court entered judgment against Wal-Mart for, among other things, negligent infliction of emotional distress. However, the Colorado Court of Appeals reversed because there was no evidence that the wife's emotional distress was caused by fear for her own safety, but

2

rather, showed that her distress was caused by the injuries to her husband.  *Id.* at 93; *see also* Colo. Jury Instr. Civ. § 9:2 (4th ed. 2004).

As a federal court applying Colorado law, I am bound to follow the decisions of the Colorado Court of Appeals "unless [I] am convinced by other persuasive data" that the Colorado Supreme Court would decide otherwise.  *Hicks v. Feiock*, 485 U.S. 624, 630 n.3 (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)); *see also MidAmerica Constr. Mgmt., Inc. v. Mastec N. Am., Inc.*, 436 F.3d 1257, 1262 (10th Cir. 2006).  Because I find no convincing evidence that the Colorado Supreme Court would disagree with *Scharrel*,[1] I conclude that John Hafner can not recover for emotional distress caused by his fear for his father's death or from the shock of witnessing his father's death.

From the motions before me, it appears the parties believe that this issue is dispositive of John's remaining claims.  As a result, this case shall be administratively closed as hereafter provided.

Accordingly, it is ordered:

1. Plaintiff's motion for partial summary judgment, filed April 1, 2005 (Docket No. 13), is denied.

2. Defendant's motion for summary judgment, filed March 31, 2005 (Docket No. 12), is granted such that Plaintiff is precluded from recovering for emotional distress caused by his fear for his father's death or from the shock of witnessing

---

[1] An application for certiorari was denied by the Colorado Supreme Court on January 20, 1998.  *See Scharrel*, 949 P.2d at 89.

his father's death.

3. Defendant may have its costs.

4. This case shall be administratively closed pursuant to D.C.Colo.LCivR 41.2, but may be reopened upon either party filing a notice, on or before May 1, 2006, that any claim remains pending. If no such notice is filed by that date, the case shall be dismissed without further notice.

DATED at Denver, Colorado, on March 28, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge